## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed May 10, 1917.

NIRDLINGER, ET AL.,
VS.
MAYOR AND CITY COUNCIL OF BALTIMORE.

*Willis & Willis, Randolph Barton, Jr., Joseph C. France, Martin Lehmayer, Forrest Bramble* and *Herman J. Hughes* for plaintiffs.

*S. S. Field*, City Solicitor, for defendant.

DUFFY, J.—

1. In all instances where there is no evidence to the contrary the court will

presume that permits were duly issued by the city for the erection of the minor privileges mentioned in the evidence, and that such permits were issued without reserving therein power to revoke.

2. The Board of Estimates, in revoking the privileges used by the complainants for the purpose disclosed by the evidence, is exercising the taxing or revenue-producing power of the city, and is not exercising the police power.

3. Section 37 of the charter is prospective in its operation, not, retroactive; therefore the Board of Estimates has no authority to impose charges on the complainants for privileges heretofore granted and not made revocable.

4. Permits issued to complainants without reserving therein power of revocation can not now be revoked except in exercise of the police power. There is no evidence in these cases tending to prove that any of these privileges are unduly obstructing the public in the use of the highways; they can not, therefore, be declared to be nuisances. As to all such privileges the injunctions must be made permanent.

5. In all instances where minor privileges have been granted by the Board of Estimates subject to revocation by the board, such privileges are revocable by the board at any time. In all such cases the action of the board in serving the notices of revocation on the complainants is justified by Section 37 of the charter, under which, the evidence shows, the board is proceeding. As to all such privileges the injunctions in these cases must be dissolved.